IN THE COURT OF APPEALS OF TENNESSEE



FILED

November 7, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

DANIEL H. CALDWELL     :    SEVIER CHANCERY
                          :    CA No. 03A01-9507-CH-00218
     Plaintiff-Appellee    :
                          :
                          :
vs.                       :    HON. CHESTER S. RAINWATER, JR.
                          :    CHANCELLOR
                          :
JIMMY L. FISHBURN and wife, :
BRENDA FISHBURN         :
                          :
     Defendants-Appellant   :    AFFIRMED AND REMANDED

CHRIS RALLS, OF MARYVILLE, TENNESSEE, FOR APPELLANT BRENDA
FISHBURN

O. DUANE SLONE, OF DANDRIDGE, TENNESSEE, FOR APPELLEE

MEMORANDUM OPINION

                                            Sanders, Sr.J.

      The Defendant, Brenda Fishburn, has appealed from an order denying her motion to set her counterclaim for trial. The motion was filed more than two years after an order had been entered dismissing the counterclaim and approximately 18

months after an agreed compromise decree had been entered dismissing the claims of all parties to the litigation.

This appeal has its genesis in a complaint filed by Daniel Caldwell against Defendant-Appellant Brenda Fishburn and her husband, Jimmy L. Fishburn, seeking to wind up a partnership between Plaintiff Caldwell and Jimmy Fishburn. The original complaint, as amended, alleged the partnership had ceased to do business but owed considerable indebtedness, including $12,000 which had been loaned to the partnership by Appellant Brenda Fishburn. It further alleged Jimmy and Brenda Fishburn were jointly liable for most of the partnership debts, most of which had been paid by the Plaintiff personally, and the Fishburns were indebted to Plaintiff in excess of $90,000.

The Defendants, for answer, admitted Mr. Fishburn had purchased an interest in the partnership but said Mr. Fishburn was not a partner in the business. Mr. Fishburn asked the court to find he had been induced to buy an interest in the partnership due to fraud and misrepresentation by the Plaintiff. Both parties denied they were liable for any of the debts of the partnership and Mrs. Fishburn insisted the partnership owed her $12,000 plus interest.

The Fishburns also filed a counterclaim in which they asked that the partnership be declared null and void because of fraud and misrepresentation. Mrs. Fishburn also asked that she be awarded a judgment against the Plaintiff for $12,000 plus interest for the loan she had made to the partnership.

2

It appears from the record the parties agreed the court would bifurcate the case and hear evidence on Defendants' counterclaim, after which the other issues would be referred to a special master.

After a trial on the issues of the counterclaims, the court entered an order dismissing the counterclaims and referring the matter to a special master for a further hearing.

It appears from the record the special master held extensive hearings on all the issues including the claim of Mrs. Fishburn's loan of $12,000 to the partnership. After the hearings, the special master filed his report which, as pertinent, provided:

"**A. <u>Brenda Fishburn Loan</u>**
"The parties are in agreement that the partnership borrowed the sum of $12,000 from Brenda Fishburn. The defendant introduced exhibit 33, promissory note, dated September 18, 1989 and in the principal amount of $12,000. This note bears interest at 'the prime rate' if not paid within three months of it's [sic] date. This note was not paid by the partnership.
"The defendant Fishburn testified he had paid one-half of the note by sale of his personal assets. I therefore find that the partnership still owes the principal amount of the note plus interest at 8% from the date of the loan to the date of the hearing. This sum is $15,360.00 including principal and interest. One-half of this amount is owed to the defendant and one-half to Brenda Fishburn.
"However, the claim of Brenda Fishburn for affirmative recovery of this amount owed was included in her counter-claim [sic] which was dismissed. Therefore, in order to finally resolve this matter I will include the above amount as all owed to the defendant Jimmy Fishburn.
                    *            *            *
"**VIII. <u>Summary of Remaining Partnership Liabilities</u>**
"A. Total Of Partnership Debt Owed to Plaintiff is 87,409.76 of which the defendant owes one-half or the sum of 43,704.88.
"B. Total Of Partnership Debt Owed to Defendant is the sum of 30,159.50. The master had included the Brenda Fishburn loan as owing to the defendant. The plaintiff owes one-half of this amount or the sum of 15,069.75.

3

"In netting the two amounts against each other the plaintiff is owed the sum of $43,704.88 by the defendant less the sum owed by plaintiff to defendant or the net sum of $28,635.13."

After the special master's report was filed, the Fishburns, through their attorney, filed certain objections to the master's report. The only objection to the master's report as it related to Mrs. Fishburn's loan was they said the master erred in fixing the rate of interest owed at 8% instead of 11.25%.

Before the report of the special master or the objections thereto were acted upon by the chancellor, the parties submitted an "Order of Compromise" to the chancellor for entry. The order was entered on September 10, 1993, dismissing the suit and releasing all parties from further liability.

On February 20, 1995, Mrs. Fishburn filed a motion "...to set this matter for trial upon her counter complaint against the original plaintiff...." In support of her motion, as pertinent, she said, "That no disposition of Ms. Fishburn's counter complaint is noted in the record of the cause and Brenda Fishburn asserts that the counter complaint has not been dealt with."

The order of the court denying Appellant's motion, as pertinent, states: "1. That the Order of Compromise and Dismissal entered in this cause on September 10, 1993, was a final adjudication of all issues between the parties.

4

2.  That Tennessee Rules of Civil Procedure 54.02 does not apply to the facts of this case."

The Defendant has appealed, saying the court was in error.  We cannot agree, and affirm in accordance with Court of Appeals Rule 10(a).[1]

The cost of this appeal is taxed to the Appellant and the case is remanded to the trial court for collection of cost.

_____
Clifford E. Sanders, Sr.J.

CONCUR:

_____
Herschel P. Franks, J.

_____
Houston M. Goddard, P.J.

_____

[1]. *AFFIRMANCE WITHOUT OPINION.--The Court, with the concurrence of all judges participating in the case, may affirm the action of the trial court by order without rendering a formal opinion when an opinion would have no precedential value and one or more of the following circumstances exist and are dispositive of the appeal:*
    *(1) the Court concurs in the facts as found or as found by necessary implication by the trial court.*
    *(2) there is material evidence to support the verdict of the jury.*
    *(3) no reversible error of law appears.*
    *Such cases may be affirmed as follows:  "Affirmed in accordance with Court of Appeals Rule 10(a)."*